Filed 2/20/24  P. v. Soriano CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082225 |
| v. | (Super.Ct.No. RIF1702753) |
| RICHARD SORIANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Richard Soriano, in pro. per.; and Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Richard Soriano appeals from a postjudgment order denying his motion to dismiss sentencing enhancements under Penal Code[1] section 1172.75. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief. We have reviewed the contentions defendant raised in his supplemental brief and affirm the order.

PROCEDURAL BACKGROUND

Defendant was charged by felony complaint with two counts of unlawful possession of controlled substances in prison. (§ 4573.6, counts 1 & 2.) The complaint further alleged that he served three prior prison terms (§ 667.5, subd. (b)) and had multiple prior strike convictions (§§ 667, subds. (c) & (e)(2)(A) & 1170.12, subd. (c)(2)). On July 18, 2018, defendant entered a plea agreement and pled guilty to count 1, in exchange for the dismissal of count 2 and the prior prisons and strike allegations. In accordance with the plea agreement, the court sentenced defendant to the midterm of three years but, since it ordered this sentence to run consecutively to the sentence imposed in another case, the term was reduced to one-third the midterm, or one year in state prison. The court dismissed the remaining count and allegations.

On or about July 14, 2023, defendant filed an in propria persona motion to dismiss the section 667.5, subdivision (b) enhancements, pursuant to section 1172.75 (motion to dismiss). On July 26, the court held an ex parte hearing and summarily dismissed the motion.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

Defendant filed a timely notice of appeal of the denial of the motion to dismiss.

DISCUSSION

Defendant was provided notice under *Delgadillo* and advised that counsel filed a brief stating no arguable issues could be found, and that because this is an appeal from a postconviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) The notice advised him that he could file a supplemental brief within 30 days. Defendant filed a supplemental brief. Where a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Ibid*.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid.*)

Defendant alleges that prior prison convictions were used to enhance his sentence. The main request of his nine-page, handwritten brief is that this court dismiss the prior prison allegations in the interest of justice. Section 1172.75 invalidated any enhancement pursuant to section 667.5, subdivision (b) that was imposed prior to January 1, 2020, except for enhancements imposed for prior sexually violent offense convictions. (§ 1172.75, subd. (a).) The record here unequivocally shows that the court dismissed defendant's prior prison enhancement allegations, in accordance with the terms of the plea agreement. Accordingly, the court properly denied his motion to dismiss enhancements under section 1172.75.

The rest of defendant's brief raises unintelligible, nonsubstantive claims, and he appears to request that we conduct an independent review of the record. As stated above,

3

*Delgadillo* only requires that we "evaluate the specific arguments presented in [the supplemental] brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

<u>DISPOSITION</u>

The trial court's order denying the motion to dismiss is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>
J.

We concur:

<u>McKINSTER</u>
Acting P.J.

<u>MILLER</u>
J.